Gilberto **ZAMORA–SANCHEZ,** Petitioner,

v.

John **ASHCROFT, Attorney General,** Respondent.

No. 02–71363.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.[*]

Decided June 21, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, San Diego, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, OIL, David V. Bernal, Attorney, Julia K. Doig, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM **

Gilberto Zamora–Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") order denying his application for cancellation of removal. We dismiss the petition for review.

■ We lack jurisdiction to evaluate whether the IJ's decision was appropriate in this case because the IJ denied relief based solely on petitioner's failure to demonstrate "exceptional and extremely unusual" hardship. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 854 (9th Cir.2003).

■ Petitioner's contentions that the streamlining regulations violate due process and the BIA denied him due process by failing to remand the case to the immigration judge to present evidence under a new standard for "exceptional and extremely unusual hardship," do not raise colorable due process challenges on these facts. *See id.* at 851; *Torres–Aguilar v. INS,* 246 F.3d 1267, 1270–71 (9th Cir.2001) ("To be colorable … the claim must have some possible validity"); *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed nunc pro tunc to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.